UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MARIE JARRY
       Plaintiff              :     CIVIL ACTION No.

vs.                                    :     3:08CV954 (WWE)

SOUTHINGTON BOARD OF EDUCATION,
SOUTHINGTON EDUCATION ASSOCIATION, and
JOSEPH V. ERARDI, JR., Individually and
In His Official Capacity
       Defendants            :     June 23, 2008

## COMPLAINT

1.     This is an action to redress the deprivation by Defendants of rights secured to the Plaintiff by the Constitution and laws of the United States and the State of Connecticut, specifically the right to equal protection under the law (Sec. 1983). Plaintiff also asserts claims under Conn. Gen. Stat. 52-557n, for breach of duty of fair representation and under Connecticut common law for negligent infliction of emotional distress.

2.     Injunctive relief, money damages and other appropriate legal and equitable remedies are sought pursuant to 42 U.S.C. Section 1983, Conn. Gen. Stat. 52-557n, claim for breach of duty of fair representation and under Connecticut common law claims for negligent infliction of emotional distress.

1

## JURISDICTION

3. Jurisdiction of this Court is invoked under the provisions of 28 U.S. C. Sec. 1331 and 1343(a)(4); 42 U.S.C. 1983 and 1988, 42 U.S.C. Sec. 12133; 29 U.S.C. Sec. 794; and under the pendent jurisdiction of this Court with respect to the causes of action under State law sounding in tort.

4. Plaintiff Marie Jarry is an individual residing at all times relevant hereto in the Town of Farmington, Connecticut.

5. Defendant Southington Board of Education is a Board of the Town of Southington, a municipal corporation organized and existing under the laws of the state of Connecticut. At all times relevant herein, Defendant was acting through its authorized agents or employees.

6. Defendant Joseph V. Erardi, Jr. ("Erardi") was at all times mentioned herein and still is Superintendent of Schools of Southington, acting in his official capacity. He is sued both individually and in his said official capacity.

7. During all times mentioned herein, the Defendant Erardi was acting under color of law, that is, under color of the Constitution, laws, statutes, ordinances, charter, rules, regulations, customs and usages of the State of Connecticut and the Town of Southington.

8. Defendant Southington Education Association, an affiliate of the Connecticut Education Association and the National Education Association, was at all times mentioned herein and still is the collective bargaining representative of teachers in the Town of Southington.

## STATEMENT OF FACTS

9. Plaintiff was employed by the Southington Board of Education continuously since 2003 as an elementary school teacher.

10. On May 1, 2008 having called into her school the day prior that she was taking that Thursday as a sick day, Plaintiff appeared on the Howard Stern Show in the "hottest wife, ugliest husband" contest.

11. While Plaintiff taught her regular schedule on May 2, 2008, on Monday May 5, 2008 when she arrived at Thalberg School to begin her day as a second grade teacher, Principal Lajoie told Plaintiff she was not to go to her room.

12. Principal Lajoie instructed Plaintiff to make an appointment to see Dr. Erardi and to accompany another teacher and union representative, Mrs. Verderame to her room.

13. Mrs. Verderame told Plaintiff that she had violated the morality clause of contract and Superintendent Eradi planned to terminate Plaintiff's employment.

14. After telephoning Rick Terino, President of the Southington Education Association, Mrs. Verderame instructed Plaintiff to meet with Mr. Terino who arranged a meeting with the Connecticut Education Association (CEA) attorneys at their Hartford office.

15. At that meeting the CEA attorneys told Plaintiff that she had violated the morality clause of the contract and had used a sick day to do so; that Plaintiff could be arrested and prosecuted for defrauding a government agency; that Plaintiff's teaching certification could be

3

revoked; that Plaintiff should resign.

16. Plaintiff was then instructed to go home and then to appear for the meeting with Dr. Erardi at 2:15 PM, a meeting Plaintiff understood was investigative.

17. When Plaintiff arrived for the meeting, no investigation took place nor was plaintiff afforded the due process safeguards provided for tenured teachers in the Connecticut General Statutes Section 10-151 and under the collective bargaining agreement. Instead, Plaintiff's constructive discharge was orchestrated by the Southington Education Association and Dr. Erardi and Southington Board of Education, who working together, intimidated and coerced Plaintiff with threats above-described to resign in lieu of termination.

**FIRST COUNT** (Violation of §1983 - Procedural Due Process)

18. Plaintiff repeats and re-alleges paragraphs 1- 17 as if fully set forth herein.

19. Plaintiff had a recognized property interest in her job.

20. Plaintiff's right to due process under the law is secured to her by the Fourteenth Amendment to the Constitution of the United States, and by the provisions of §§1983 and 1988.

21. Defendants, acting under color of state law, violated plaintiff's rights to due process when they failed to provide adequate notice of the charges against her or a meaningful opportunity to be heard prior to her constructive discharge.

22. Defendant conduct was malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's rights.

23. As a result of the conduct of defendant, plaintiff suffered damages.

4

**SECOND COUNT** (42 U.S.C. §1983 - sex discrimination)

24. Plaintiff repeats and re-alleges paragraphs 1- 17 as if fully set forth herein.

25. Defendant, acting under color of state law, acted intentionally, maliciously and with a discriminatory purpose and deprived the plaintiff of her right to equal protection under the laws by treating her differently than other employees similarly situated based on her gender.

26. The individual defendant directly participated in the termination.

27. The defendants created a policy of custom under which the unconstitutional practices alleged were allowed to occur and/or was grossly negligent in managing subordinates who participated in the unconstitutional conduct. Board of Education had final policymaking authority with respect to defendants' conduct.

28. Plaintiff's right to equal protection under the laws is secured to the plaintiff by the fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §§1983 and 1988.

29. Defendant conduct was malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's rights.

30. As a result of defendant's conduct, plaintiff has suffered, and continues to suffer, damages, including lost benefits, and emotional distress.

**THIRD COUNT** (negligent infliction of emotional distress)

31. Plaintiff repeats and re-alleges paragraphs 1- 17 as if fully set forth herein.

32. Defendants engaged in unreasonable conduct which involved an unreasonable risk of causing emotional distress to the plaintiff when they terminated her employment in the manner that they did.

32. Defendants knew or should have known that if they caused this emotional distress, such distress might result in illness or bodily harm, which it did.

33. As a result of the conduct of defendants, plaintiff suffered damages.


**FOURTH COUNT** (Violation of Conn. Gen. Stat. 52-557n)

34. Plaintiff repeats and re-alleges paragraphs 1- 17 as if fully set forth herein.

35. Defendant Town of Southington Board of Education is liable to plaintiff pursuant to Conn. Gen. Stat. Section 52-557n for negligence of its employees.

36. As a result of the conduct of the defendant, plaintiff has been injured.


**SEVENTH COUNT** (Breach of Duty of Fair Representation)

37. Plaintiff repeats and re-alleges paragraphs 1- 17 as if fully set forth herein.

38. Defendant Southington Education Association is liable to the plaintiff as its conduct toward plaintiff was arbitrary, discriminatory and/or in bad faith.

39. As a result of the conduct of the defendant, plaintiff has been injured.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff claims:

1. Compensatory damages, including damages for emotional distress;

2. Back pay;

3. Reinstatement and/or front pay;

4. Punitive damages;

5. Interest and costs;

6. Attorney fees;

7. Such other relief as in law or equity may pertain.


**JURY DEMAND**

Plaintiff demands a trial by jury.


PLAINTIFF, MARIE JARRY

By /s/ Jane B. Monahan
Jane B. Monahan
Attorney at Law
195 Farmington Avenue,
Suite 204
Farmington, CT 06032
Fed. Bar No.: ct05182
Tel.: (860) 677-5200