UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARIE JARRY,                          :        3:08cv954 (WWE)
         Plaintiff,                   :
                                      :
v.                                    :
                                      :
SOUTHINGTON BOARD OF                  :
EDUCATION, SOUTHINGTON BOARD          :
OF EDUCATION ASSOCIATION, and         :
JOSEPH V. ERARDI, JR.,                :
THE CONNECTICUT EDUCATION             :
ASSOCIATION INCORPORATED, and         :
CHRISTOPHER HANKINS,                  :
         Defendants.                  :

## MEMORANDUM OF DECISION ON MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

In this multi-count complaint, plaintiff Marie Jarry alleges that defendants Southington Board of Education, Southington Board of Education Association, Joseph Erardi, Jr., the Connecticut Education Association Incorporated, and Christopher Hankins terminated her employment in violation of her federal Constitutional rights to due process and equal protection of the law.  Plaintiff also makes state law claims for negligent infliction of emotional distress, violation of Connecticut General Statutes section 52-557n, negligent misrepresentation, intentional misrepresentation, and breach of the duty of fair representation.

Defendants have filed a motion for more definite statement and a motion to dismiss.  For the following reasons, the motion to dismiss will be granted in part and denied in part.  The motion for more definite statement will be denied.

## BACKGROUND

For purposes of ruling on the motion to dismiss, the Court takes the facts alleged in the complaint to be true.

In 2003, plaintiff commenced her employment as an elementary school teacher for the Southington Board of Education.

On May 1, 2008, plaintiff participated in the Howard Stern Show contest, "Hottest Wife, Ugliest Husband."   Plaintiff took a sick day from work to appear on the show.

On May 2, 2008, plaintiff taught her regular schedule as a second grade teacher at the Thalberg School.  On May 5, when plaintiff arrived at school, Principal Lajoie informed her that she was not to go to her room but to make an appointment with the Superintendent of Schools, Dr. Joseph Erardi.  Plaintiff was later informed by a union representative, Mrs. Verderame, that she had violated the morality clause of contract and that Superintendent Erardi intended to terminate her employment.

Verderame arranged for plaintiff to meet with Rick Terrino, President of the Southington Education Association, and the attorneys of the Connecticut Education Association (CEA).  At the meeting with the CEA attorneys, plaintiff was informed that she had violated the morality clause of the contract, that she could be arrested for defrauding a government agency, and that her teaching certificate could be revoked. They advised her to resign.

Plaintiff believed that her meeting with Dr. Erardi was for investigatory purposes. However, no investigation occurred at the meeting.

Plaintiff alleges that "her constructive discharge was orchestrated by the Southington Education Association, Connecticut Education Association, Christopher Hankins and Dr. Erardi and Southington Board of Education, who working together, intimidated and coerced Plaintiff with threats" to resign in lieu of termination.  Plaintiff

relied upon defendants' representation that such resignation was revocable within a seven-day period.

**DISCUSSION**

Motion to Dismiss

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007), cert. granted, 128 S.Ct. 2931 (2008) (applying flexible "plausibility standard" to Rule 8 pleading).

Defendants argue that plaintiff's claim of constructive discharge fails because the complaint lacks any allegation of intentional acts by defendants that created an intolerable work atmosphere, and because she has failed to exhaust her administrative remedies under state law and the relevant collective bargaining provisions.

Constructive discharge occurs when an employer intentionally creates an intolerable work atmosphere that forces an employee to quit involuntarily. Brittell v. Dept. of Correction, 247 Conn. 148, 178 (1998).  In light of the liberal pleading policy of

the Federal Rules of Civil Procedure, the Court finds that plaintiff's allegations state a claim for constructive discharge.

Defendants' arguments relevant to exhaustion of administrative remedies also fail.   Considering the allegations of the complaint to be true, plaintiff's claim may be construed to fall within the exception to the exhaustion requirement where the defendants' "total default" of its obligations under the relevant statute, Connecticut General Statutes § 10-151(b), excuse a teacher's failure to follow the administrative remedies under the statute.   LaCroix v. Board of Educ.,199 Conn. 70, 81 (1986).  The motion to dismiss will be denied as to the constructive discharge claim.

Section 1983

Plaintiff alleges deprivation of her right to equal protection under the law in violation of 42 U.S.C. § 1983.  Defendants argue that plaintiff has failed to allege how she was treated differently from other similarly situated employees.  However, plaintiff's allegations raise a right to relief above the speculative level.  Accordingly, the Court will leave plaintiff to her proof.

Negligent Infliction of Emotional Distress

Defendants attack plaintiff's claim of negligent infliction of emotional distress for failure to allege any conduct by defendants during the termination process that could be considered unreasonable.  Pavliscak v. Bridgeport Hosp., 48 Conn. App. 580, 598 (1998).  However, plaintiff's allegations may be construed to state that defendants acted unreasonably in the termination process by making threats and misrepresentations to induce her to resign.

Connecticut General Statutes § 52-557n

Plaintiff alleges that the "defendant Town of Southington Board of Education is liable to plaintiff pursuant to Conn. Gen. Stat. Section 52-557n for negligence of its employees."  In her opposition brief, plaintiff explains that her claim seeks to hold Southington liable for negligent acts of its employees that inflicted emotional distress.

Section 52-557n provides that a municipality may be liable for damages caused by the negligent act or omission of an employee acting within the scope of employment except where the act or omission required the employee's exercise of discretion "as an official function of the authority expressly or impliedly granted by law."

Governmental acts performed wholly for the direct benefit of the public that are supervisory are discretionary, while acts performed in a prescribed manner without the exercise of judgment or discretion are ministerial.  Elliott v. Waterbury, 245 Conn. 385, 411 (1998).  Connecticut precedent demonstrates that acts or omissions concerning the supervision, control and discipline of employees are discretionary acts as a matter of law.  Hughes v. City of Hartford, 96 F. Supp. 2d 114, 118 (D. Conn. 2000).  Plaintiff's claim of negligent infliction of emotional distress implicates discretionary acts relative to employee supervision, control and discipline.  Accordingly, the Court will grant the motion to dismiss as to the claim of liability pursuant to section 52-557n.

Motion for More Definite Statement

Defendants move this Court to order plaintiff to provide a more definite statement with respect to each count of the complaint.

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain a short and plain statement of the case.  Under this rule, "little more than an indication of

the type of litigation that is involved," and a generalized summary of the claims is required.  Friedlander v. Cimino, 520 F.2d 318, 320 (2d Cir. 1975); Wilder v. Bernstein, 499 F. Supp. 980, 990 (S.D.N.Y. 1980).  Indeed, a court will grant a motion for a more definite statement only when a complaint is so vague that a responsive pleading cannot be filed or the party is unable to determine the issues.  Fed. R. Civ. P. 12(e); Bryson v. Bank of New York, 584 F. Supp. 1306, 1319 (S.D.N.Y. 1984).

Defendants request that plaintiff clarify which defendant or defendants are implicated by the first six counts.  Defendants also maintain that plaintiff needs to allege facts supporting her claim for breach of a duty of fair representation.  However, the Court finds that the complaint is not so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading.  Defendants can ascertain the specifics of plaintiff's claims through discovery.  Accordingly, the motion for a more definite statement filed by defendants will be denied.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. #28] is GRANTED in part and DENIED in part.  Plaintiff's claim brought pursuant to Connecticut General Statutes Section 52-557n is DISMISSED.  Defendant's motion for more definite statement [doc. #32] is DENIED.  Plaintiff is instructed to file an amended complaint consistent with this ruling within 10 days of this ruling's filing date.

_____/s/_____
Warren W. Eginton, Senior U.S District Judge


Dated this _22__ day of January, 2009 at Bridgeport, Connecticut.

6