UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SOUTHINGTON BOARD OF EDUCATION** : | **CIVIL ACTION NO. 308CV0095WWE** |
| Plaintiff : | |
| : | |
| **v.** : | |
| : | |
| : | |
| **MARIE JARRY** : | |
| Defendant : | **March 31, 2009** |

## COMPLAINT

**I.    INTRODUCTION**

    1.    This is a counterclaim breach of contract action filed in a First Amendment action filed by a teacher, Marie Jarry, who resigned her position and entered into a settlement agreement on or about May 5, 2008.  Ms. Jarry resigned her position as a teacher after informing her employer, the Southington Board of Education (the "Board") that she was ill on or about May 1, 2008, and failing to report to work on that day and instead appearing on a contest on the "Howard Stern Show" entitled the "Ugliest Guys with Hottest Wives" contest.  On May 5, 2008 Ms. Jarry resigned her employment with the Board and signed a voluntary settlement agreement.  Ms. Jarry has now breached the agreement.

**II.    PARTIES**

    2.    The Plaintiff in the counterclaim is the Southington Board of Education ("Board"), the former employer of the defendant in counterclaim, and plaintiff in the original action, Marie Jarry.

    3.    The Defendant in the counterclaim, plaintiff in the underlying action is Marie Jarry, who currently resides at 2 Arrowhead Drive, Unionville, Connecticut, 06085-1587.

**III.   JURISDICTION**

4.  Jurisdiction is conferred upon this court by virtue of the nature of the underlying claim pursuant to the First Amendment to the Constitution of the United States brought by the defendant in counterclaim. Venue is properly within the United States District Court for the District of Connecticut under 28 U.S.C. §1391(b) as all parties reside or are situated in State of Connecticut.

**IV.   FACTS**

5.  Marie Jarry was employed as a teacher by the Board until on or about May 5, 2008.

6.  Marie Jarry resigned her employment with the Board, and signed a voluntary settlement agreement and irrevocable letter of resignation from employment, on or about May 5, 2008.  A copy of the settlement agreement and irrevocable letter of resignation are attached hereto as Exhibit A.

7.  Pursuant to the terms of the settlement agreement, the Board paid eighty-seven percent (87%) of the premium for health insurance benefits for Ms. Jarry from on or about May 6, 2008 until on or about June 30, 2008, and eighty-six percent (86%) of the premium for health insurance benefits for Ms. Jarry from on or about July 1, 2008 until on or about August 31, 2008.

8.  But for the terms of the settlement agreement, Ms. Jarry was not entitled to any health insurance benefits from the Board after the date of her resignation on or about May 5, 2008.

9.  The settlement agreement provides in part that::  "MS. JARRY agrees that she shall have no contact with Howard Stern or any member of his staff regarding her employment and/or resignation and/or her previous appearance on the Howard Stern Show and/or any

affiliated website or any other entity affiliated with Howard Stern regarding her employment and/or resignation and/or her prior appearance on the Howard Stern Show."

10. On or about May 20, 2008, several days after executing the agreement described in Paragraph 6 above, Ms. Jarry called into the Howard Stern Show and discussed her previous appearance on the Howard Stern Show and her resignation from her employment with the Board.

11. On or about May 23, 2008, Dr. Joseph Erardi, Superintendent of the Southington Public Schools, informed Ms. Jarry in writing that the Board considered her actions on or about May 20, 2008, in calling in to the Howard Stern Show to discuss her prior appearance on the show and her resignation from her employment with the Board on May 20, 2008, to be in breach of the settlement agreement. Dr. Erardi's letter included the following statement: "Please be advised that, in the event you breach this or any other term of the agreement again, the Board will consider taking legal action against you." A copy of Dr. Erardi's letter is attached as Exhibit B.

12. Subsequent to her receipt of Dr. Erardi's May 23, 2008 letter, Ms. Jarry called into the Howard Stern Show on more than one additional occasion to discuss her prior appearance on the show and her resignation from her employment with the Board.

13. The settlement agreement signed by Ms. Jarry on or about May 5, 2008 further provides in part that: "Should the BOARD, the ASSOCIATION or MS. JARRY commence or prosecute any action or proceeding contrary to the provisions of this Agreement, the prosecuting Party shall indemnify the other Party or Parties for all costs, including court costs and reasonable attorneys' fees, incurred by the defending Party or Parties in the defense of such action or in establishing or maintaining the application or validity of this Agreement or the provisions thereof."

14. On or about June 27, 2008, Ms. Jarry commenced an action in this Court, interposing a claim that the settlement agreement signed by her was null and void.

15. The Board has incurred attorneys' fees and other fees and costs in defending the action filed by Ms. Jarry on or about June 27, 2008, and in filing the instant counterclaim to enforce the agreement.

## V. COUNT I: BREACH OF CONTRACT

15. The actions of Ms. Jarry, in calling in to on the Howard Stern Show on or about May 20, 2008, and on more than one date subsequent to that date to discuss her prior appearance on the show and her resignation from her employment with the Board constitute a material breach of the settlement agreement signed by all parties on or about May 5, 2008.

16. The actions of Ms. Jarry in filing an action in this court interposing a claim that the settlement agreement signed by her was null and void constitute a material breach of the settlement agreement signed by all parties on or about May 5, 2008.

## VI. CLAIMS FOR RELIEF

**RELIEF REQUESTED**

In view of the above, the Southington Board of Education respectfully requests that this Court:

(a.) Assume jurisdiction in this matter;

(b.) Issue an order directing Ms. Jarry to refund the cost of all premium payments made by the Board for health insurance for Ms. Jarry from May 6, 2008 through August 31, 2008;

    (c.)    Issue an order directing Ms. Jarry to reimburse the Board for all costs incurred in the defense of the legal action filed in breach of the agreement, and all costs incurred in the filing of the instant counterclaim; and

    (d.)    Issue such other declaratory and injunctive relief as the Court may deem appropriate after review.

    Respectfully Submitted
PLAINTIFF IN COUNTERCLAIM
Southington Board of Education


____/s/_____
By:    Christine L. Chinni
Federal Bar No. ct20122
Chinni & Meuser LLC
30 Avon Meadow Lane
Avon, CT 06001
Tel:    (860) 677-0255
Fax:    (860) 677-1792
Email: chris@chinniandmeuser.com

5

## **CERTIFICATION**

      This is to certify that a copy of the foregoing counterclaim has been sent by e-mail to Attorney Jane B. Monahan, 195 Farmington Ave # 204, Farmington, CT 06032, Attorney Barbara E. Gardner, 843 Main St. , Suite 1-4 , Manchester, CT 06040; Attorney Peter O'Keefe 36-40 Russ Street, Hartford, CT 06106-1571, and Attorney Martin A. Gould, Gould, Killian & Wynne, 280 Trumbull St., 25th Fl., Hartford, CT 06103 via operation of the Court's electronic filing system on this 31st day of March, 2009.

                                                  __/s/_____

                                                  Christine L. Chinni