# EXHIBIT A

## RELEASE AND SETTLEMENT AGREEMENT

THIS RELEASE AND SETTLEMENT AGREEMENT (hereinafter "Agreement") is made by and between the SOUTHINGTON BOARD OF EDUCATION (hereinafter the "BOARD"), the SOUTHINGTON EDUCATION ASSOCIATION (the "ASSOCIATION") and MARIE JARRY (hereinafter "MS. JARRY"). Wherever used in this Agreement, the term "BOARD" shall include all officers, employees, agents, representatives, successors and assigns of the BOARD, in their individual and/or official capacities, and the term "ASSOCIATION" shall include all officers, employees, agents, representatives, successors and assigns of the ASSOCIATION, in their individual and/or official capacities.

WHEREAS, MS. JARRY is employed by the BOARD as a teacher; and

WHEREAS, the ASSOCIATION is the duly elected collective bargaining representative for MS. JARRY and certain other teachers employed by the BOARD; and

WHEREAS, MS. JARRY, the ASSOCIATION, and the BOARD now agree that it is the best interests of all parties for MS. JARRY to resign her employment with the BOARD;

NOW, THEREFORE, in the interest of fully and finally resolving all matters and disputes arising out of or in any way connected to MS. JARRY'S employment and/or resignation, and in consideration of the mutual promises and covenants contained herein, the BOARD, the ASSOCIATION and MS. JARRY, acting of their own free will, hereby agree as follows:

1. MS. JARRY shall execute an irrevocable letter of resignation from the employment of the BOARD, effective May 5, 2008.

2. The BOARD shall allow MS. JARRY to participate in the health insurance benefits provided pursuant to the collective bargaining

        agreement between the ASSOCIATION and the BOARD until August 31, 2008, and shall make payment for the portions of the premiums for health insurance benefits for MS. JARRY that the BOARD makes for teachers covered by the collective bargaining agreement to provide coverage through August 31, 2008, provided that MS. JARRY makes payment to the BOARD for the portions of the premiums that teachers covered by the collective bargaining agreement are obligated to pay to provide coverage through August 31, 2008.

3. With the exception of the payment for insurance premiums described in Section 2 of this Agreement, MS. JARRY and the ASSOCIATION expressly acknowledge that MS. JARRY is not entitled to any payment, benefits or compensation, in any form for any reason, from the BOARD.

4. MS. JARRY agrees that she shall have no contact with Howard Stern or any member of his staff regarding her employment and/or resignation and/or her previous appearance on the Howard Stern Show and/or any affiliated website or any other entity affiliated with Howard Stern regarding her employment and/or resignation and/or her prior appearance on the Howard Stern Show.

5. MS. JARRY and the ASSOCIATION acknowledge that MS. JARRY would not be entitled to receive health benefits partially at BOARD expense through August 31, 2008 if she did not enter into this Agreement. The BOARD acknowledges that MS. JARRY and the ASSOCIATION would not otherwise release the potential claims hereinafter set forth but

        for MS. JARRY'S receipt health benefits partially at BOARD expense through August 31, 2008.

6.     Mr. Beecher LaJoie, principal of Thalberg School, agrees to provide the attached letter of recommendation to MS. JARRY.

7.     MS. JARRY agrees to complete all grading and paperwork currently pending regarding her students at Thalberg School and provide this documentation to Beecher LaJoie on or before May 23, 2008.

8.     For and in consideration of the payments and other benefits described in this Agreement, MS. JARRY for herself, and for her respective heirs, executors, administrators, successors and assigns, knowingly releases and forever discharges the BOARD from any and all grievances, all claims, demands, obligations, damages, liabilities and causes of action (including, but not limited to, claims and causes of action for wrongful discharge, tort, defamation, breach of contract and breach of the duty of good faith and fair dealing, and causes of action and claims or causes of action under the Connecticut Workers' Compensation Act, Conn. Gen. Stat. §§ 31-275 et. seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., the Civil Rights Act of 1991, 42 U.S.C. §§ 1981, et. seq., Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983, the Connecticut Discriminatory Practices Act, Conn. Gen. Stat. §§ 46a-58 et. seq., the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq., the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et. seq., the Connecticut Whistle Blowers' Act, Conn. Gen. Stat. § 31-51m, the Teacher Tenure Act, Conn.

Gen. Stat. § 10-151, the provisions of the Connecticut General Statutes concerning the payment of wages (Conn. Gen. Stat. §§ 31-58 et seq. and Conn. Gen. Stat. §§ 31-70 et seq.), the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., seq. and all other federal, state and local laws, ordinances or regulations), in law or in equity, which MS. JARRY now has or ever had against the BOARD, for any losses, injuries or damages (including back pay, front pay, liquidated, compensatory or punitive damages, attorneys' fees and litigation costs), resulting from and/or arising out of or in any way connected with MS. JARRY'S employment and/or resignation, except that MS. JARRY reserves the right to bring any action that is necessary to enforce the terms of this Agreement in the event that the BOARD fails to comply with its terms, provided further that nothing herein shall be deemed to constitute a waiver by MS. JARRY of any rights under Conn. Gen. Stat. Sec. 10-235, and 10-183t, and Chapters 567 and 568 of Conn. Gen. Stats.

9.  In consideration of the payments made to its member, MS. JARRY, the ASSOCIATION hereby waives any and all grievances, prohibited practice charges or other actions which have been filed or could have been filed by the ASSOCIATION regarding MS. JARRY'S employment and/or resignation, with prejudice.

10. The BOARD, the ASSOCIATION and MS. JARRY expressly acknowledge and agree that the consideration provided herein is solely for the purpose of amicably resolving any dispute arising out of MS. JARRY'S employment and/or resignation. The parties further understand

and agree that this Agreement does not constitute an admission by the BOARD that the BOARD is in any way liable to MS. JARRY or that the BOARD harmed or damaged MS. JARRY or violated any rights she may have or in any respect treated her unfairly or unlawfully. The parties further understand and agree that this Agreement does not constitute an admission by MS. JARRY that she has committed any act or omission that would subject her to discipline.

11. Should the BOARD, the ASSOCIATION or MS. JARRY commence or prosecute any action or proceeding contrary to the provisions of this Agreement, the prosecuting Party shall indemnify the other Party or Parties for all costs, including court costs and reasonable attorneys' fees, incurred by the defending Party or Parties in the defense of such action or in establishing or maintaining the application or validity of this Agreement or the provisions thereof.

12. The BOARD, the ASSOCIATION and MS. JARRY expressly acknowledge and agree that they will not make any claim or demand and each of them hereby waives any rights any of them may now have or may hereafter have or claim to have, based upon any alleged oral alteration, amendment, modification or any other alleged change in this Agreement; that the validity, effect and operation of this Agreement shall be determined by the laws of the State of Connecticut; and that there is no written or oral understanding or agreement between them that is not recited either herein.

13. The BOARD, MS. JARRY and the ASSOCIATION state that this Release and Settlement Agreement shall not be deemed precedent setting in any way and shall not under any circumstances be used as evidence in any

negotiations, arbitration or other proceedings between them, other than any proceeding that may become necessary to enforce the terms of this Agreement.

14. The BOARD, the ASSOCIATION and MS. JARRY affirmatively state that they have a full understanding of the contents of this Agreement and the effects thereof; and that they have executed the same voluntarily and of their own free will, without any coercion.

IN WITNESS WHEREOF, the aforementioned parties, intending to be legally bound hereby, have executed this Agreement.

MARIE JARRY

By: _____          5/15/08
    Marie Jarry                             Date Signed


SOUTHINGTON BOARD OF EDUCATION

By: _____          5/5/08
    Dr. Joseph V. Erardi, Jr.              Date Signed
    Superintendent of Schools


SOUTHINGTON EDUCATION ASSOCIATION

By: _____          5/5/08
    Richard Terino                         Date Signed
    Its President

May 5, 2008

Dr. Joseph V. Erardi, Jr.
Superintendent
Southington Public Schools
49 Beecher Street
Southington, CT 06489

Dear Dr. Erardi:

Kindly accept my irrevocable letter of resignation for personal reasons, effective today.

Thank you for the opportunity to work as a teacher in the Southington Public Schools.

Sincerely,

*Marie Jarry*
Marie Jarry