UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIE JARRY,         Plaintiff, | : : : | 3:08cv954 (WWE) |
| v. | : : | |
| SOUTHINGTON BOARD OF EDUCATION, SOUTHINGTON BOARD OF EDUCATION ASSOCIATION, and JOSEPH V. ERARDI, JR., THE CONNECTICUT EDUCATION ASSOCIATION INCORPORATED, and CHRISTOPHER HANKINS,         Defendants. | : : : : : : : : | |

## MEMORANDUM OF DECISION ON MOTION TO DISMISS

In her complaint, plaintiff Marie Jarry alleges that defendants Southington Board of Education, Southington Board of Education Association ("SBEA"), Joseph Erardi, Jr., the Connecticut Education Association Incorporated ("CEA"), and Christopher Hankins terminated her employment in violation of her federal constitutional rights to due process and equal protection of the law. Plaintiff also makes state law claims for negligent infliction of emotional distress, negligent misrepresentation, intentional misrepresentation, and breach of the duty of fair representation. Defendants SBEA, CEA and Hankins have filed a motion to dismiss the breach of the duty of fair representation and any claims related thereto. For the following reasons, the motion to dismiss will be granted.

### BACKGROUND

For purposes of ruling on the motion to dismiss, the Court takes the facts alleged in the complaint to be true.

In 2003, plaintiff commenced her employment as an elementary school teacher

for the Southington Board of Education.

On May 1, 2008, plaintiff participated in the Howard Stern Show contest, "Hottest Wife, Ugliest Husband." Plaintiff took a sick day from work to appear on the show.

On May 2, 2008, plaintiff taught her regular schedule as a second grade teacher at the Thalberg School. On May 5, when plaintiff arrived at school, Principal Lajoie informed her that she was not to go to her room but to make an appointment with the Superintendent of Schools, Dr. Joseph Erardi. Plaintiff was later informed by a union representative, Mrs. Verderame, that she had violated the morality clause of contract and that Superintendent Erardi intended to terminate her employment.

Verderame arranged for plaintiff to meet with Rick Terino, President of the Southington Education Association, and attorneys for the CEA, plaintiff's union. At the meeting with the CEA representatives, including defendant Christopher Hankins,[1] plaintiff was told that she had violated the morality clause of the contract, that she could be arrested for defrauding a government agency, and that her teaching certificate could be revoked. They advised her to resign.

Plaintiff believed that the meeting scheduled with Dr. Erardi was for investigatory purposes. However, no investigation occurred at the meeting. Instead, her constructive discharge was allegedly orchestrated by the SBEA, the CEA, Hankins, Dr. Erardi and the Southington Board of Education, "who working together, intimidated and coerced Plaintiff with threats" to resign in lieu of termination. Plaintiff relied upon

---

[1] Defendant's brief states that defendant Hankins is in-house counsel for CEA.

defendants' representation that such resignation was revocable within a seven-day period.

## DISCUSSION

Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

Defendant maintains that plaintiff's claims of breach of the duty of fair representation should be dismissed for lack of subject matter jurisdiction because plaintiff has failed to exhaust her administrative remedies. Plaintiff admits that she has not filed an administrative complaint.

A trial court lacks subject matter jurisdiction over an action seeking a remedy provided through an administrative proceeding, until that remedy has been sought through an administrative filing. D'Eramo v. Smith, 273 Conn. 610, 616 (2005). Connecticut General Statutes § 10-153e(e) provides that "whenever a certified employee believes a breach of the duty of fair representation . . . has occurred or is occurring . . . such certified employee shall file a written complaint with the State Board of Labor Relations . . . ." Connecticut superior courts, upon review of the legislative history, have found this requirement to be mandatory and have declined to apply any of the limited recognized exceptions to exhaustion such as futility or inadequacy. Huckaby

3

v. Local 884, 2008 WL 803203, *3 (Conn. Sup. Ct. 2008) (citing cases).  Accordingly, the Court will dismiss for lack of exhaustion the breach of fiduciary duty claim against defendants SBEA, CEA, and Hankins.  To the extent that plaintiff's remaining claims are also brought against these defendants, dismissal is also appropriate because such claims are also based on the alleged breach.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. #59] is GRANTED.

_____/s/_____
Warren W. Eginton
Senior U.S District Judge

Dated this _7th_ day of July, 2010 at Bridgeport, Connecticut.