UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARIE JARRY,** | : | 3:08cv954 (WWE) |
|       **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SOUTHINGTON BOARD OF** | : | |
| **EDUCATION, SOUTHINGTON** | : | |
| **EDUCATION ASSOCIATION, and** | : | |
| **JOSEPH V. ERARDI, JR.,** | : | |
| **THE CONNECTICUT EDUCATION** | : | |
| **ASSOCIATION INCORPORATED, and** | : | |
| **CHRISTOPHER HANKINS,** | : | |
|       **Defendants.** | : | |

## AMENDED MEMORANDUM OF DECISION ON MOTION TO DISMISS[1]

In her complaint, plaintiff Marie Jarry alleges that defendants Southington Board of Education, Southington Education Association ("SEA"), Joseph Erardi, Jr., the Connecticut Education Association Incorporated ("CEA"), and Christopher Hankins terminated her employment in violation of her federal constitutional rights to due process and equal protection of the law. Plaintiff also makes state law claims for negligent infliction of emotional distress, negligent misrepresentation, intentional misrepresentation, and breach of the duty of fair representation. Defendants SEA, CEA and Hankins have filed a motion to dismiss the breach of the duty of fair representation and any claims related thereto. For the following reasons, the motion to dismiss will be granted.

### BACKGROUND

---

[1]The Court issues this amended ruling to correct the name of the Southington Education Association and to clarify that this dismissal pertains to the alleged state law claims brought against defendants SEA, CEA and Hankins.

For purposes of ruling on the motion to dismiss, the Court takes the facts alleged in the complaint to be true.

In 2003, plaintiff commenced her employment as an elementary school teacher for the Southington Board of Education.

On May 1, 2008, plaintiff participated in the Howard Stern Show contest, "Hottest Wife, Ugliest Husband."  Plaintiff took a sick day from work to appear on the show.

On May 2, 2008, plaintiff taught her regular schedule as a second grade teacher at the Thalberg School.  On May 5, when plaintiff arrived at school, Principal Lajoie informed her that she was not to go to her room but to make an appointment with the Superintendent of Schools, Dr. Joseph Erardi.  Plaintiff was later informed by a union representative, Mrs. Verderame, that she had violated the morality clause of her contract and that Superintendent Erardi intended to terminate her employment.

Verderame arranged for plaintiff to meet with Rick Terino, President of the SEA, and attorneys for the CEA.  At the meeting with the CEA representatives, including defendant Christopher Hankins,[2] plaintiff was told that she had violated the morality clause of her contract, that she could be arrested for defrauding a government agency, and that her teaching certificate could be revoked.  They advised her to resign.

Plaintiff believed that the meeting scheduled with Dr. Erardi was for investigatory purposes.  However, no investigation occurred at the meeting.  Instead, her constructive discharge was allegedly orchestrated by the SEA, the CEA, Hankins, Dr.

---

[2] Defendant's brief states that defendant Hankins is in-house counsel for CEA.

2

Erardi and the Southington Board of Education, "who working together, intimidated and coerced" plaintiff with threats to resign in lieu of termination.  Plaintiff relied upon defendants' representation that such resignation was revocable within a seven-day period.

## DISCUSSION

### Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it."  2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994).  Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction.  See Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

Defendant maintains that plaintiff's claims of breach of the duty of fair representation should be dismissed for lack of subject matter jurisdiction because plaintiff has failed to exhaust her administrative remedies.  Plaintiff admits that she has not filed an administrative complaint.

A trial court lacks subject matter jurisdiction over an action seeking a remedy provided through an administrative proceeding, until that remedy has been sought through an administrative filing.  D'Eramo v. Smith, 273 Conn. 610, 616 (2005). Connecticut General Statutes § 10-153e(e) provides that "whenever a certified employee believes a breach of the duty of fair representation . . . has occurred or is occurring . . . such certified employee shall file a written complaint with the State Board of Labor Relations . . . ."  Connecticut superior courts, upon review of the legislative

history, have found this requirement to be mandatory and have declined to apply any of the limited recognized exceptions to exhaustion such as futility or inadequacy.  Huckaby v. Local 884, 2008 WL 803203, *3 (Conn. Sup. Ct. 2008) (citing cases).  Accordingly, the Court will dismiss for lack of exhaustion the breach of fair representation claim against defendants SEA, CEA, and Hankins.  To the extent that plaintiff's remaining state law claims of negligent infliction of emotional distress, negligent misrepresentation and intentional misrepresentation are also brought against these defendants, dismissal is also appropriate because such claims are also based on the alleged breach.  See Zarella v. Local 1303-26, 2003 WL 21267127, *1 (Conn. Super. 2003) (negligent infliction of emotional distress claim dismissed because it was based on alleged breach of duty of fair representation); Krajewski v. Area Co-op Educational Servs., 1998 WL 516219 (Conn. Super. 1998).

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. #59] is GRANTED.

_____/s/_____
Warren W. Eginton
Senior U.S District Judge

Dated this _7th_ day of July, 2010 at Bridgeport, Connecticut.